**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**MARY DAVIS and NITA SCOGGINS, on behalf
of herself and all others similarly situated**                              **PLAINTIFFS**

**v.**                               **Case No. 4:14-cv-00640-KGB**

**UNUM LIFE INSURANCE COMPANY OF AMERICA**                              **DEFENDANT**

<u>**ORDER**</u>

Before the Court is defendant Unum Life Insurance Company of America's ("Unum")
motion to dismiss plaintiffs' "exercise of discretion" claim pursuant to Rule 12(b)(6) (Dkt. No.
12).  Plaintiffs Mary Davis and Nita Scoggins have responded in opposition to the motion to
dismiss and move to amend their complaint (Dkt. No. 16).  Unum opposes Ms. Davis and Ms.
Scoggins' motion to amend their complaint (Dkt. No. 18).  Recently, Ms. Davis filed a motion to
dismiss, representing to the Court that her individual claim has been settled, that the parties agree
her claim should be dismissed with prejudice, and that each party should bear her or its own fees
and costs (Dkt. No. 20).  The Court grants Ms. Davis's motion to dismiss with prejudice her
claim (Dkt. No. 20).  For the following reasons, the Court also grants Unum's motion to dismiss
and denies Ms. Scoggins' pending motion to amend.

**I.      Background**

Unless otherwise noted, the following alleged facts are taken from Ms. Scoggins'
amended complaint (Dkt. No. 4).  Ms. Scoggins is a former employee of Regions Bank, where
she participated in employer-provided disability insurance benefit plan underwritten by Unum.
The Regions Bank plan provided that Unum would act as the administrator for any claims made
for benefits.  Ms. Scoggins alleges that Unum wrongly denied her claim for LTD benefits.

In addition to an individual breach of contract claim, Ms. Scoggins brings a class action claim against Unum, alleging that by denying long term disability benefits, Unum "exercised discretion in the interpretation of said policies in a manner that violates the law" (Dkt. No. 4, ¶ 12).  Ms. Scoggins seeks to represent under all three categories of Rule 23(b) a class consisting of "all persons, who within three years prior to the filing of this lawsuit have been denied benefits by the Defendant under a policy governed by Arkansas law."  (Dkt. No. 4, ¶ 10).

## II.      Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).  "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory."  *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999).  "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party."  *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### III.     Discussion

The Regions Bank policy contains language giving the claims administrator discretionary authority.  The policy provides that, "[w]hen making a benefit determination under the policy, Unum has discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the policy" (Dkt. No 12-1, at 12).  This language is commonly referred to as a discretionary clause.

Ms. Scoggins makes two contentions regarding the discretionary clauses included in the Regions policy.  First, she contends that Unum's authority to grant or deny claims for benefits under the policies was derived from these discretionary clauses.[1]  Second, she contends that these discretionary clauses violate Arkansas Department of Insurance Rule 101, which provides that:

> No policy, contract, certificate or agreement offered or issued in this State providing for disability income protection coverage may contain a provision purporting to reserve discretion to the insurer to interpret the terms of the contract, or to provide standards of interpretation or review that are inconsistent with the laws of this State.

(Dkt. No. 13, at 7; No. 4, ¶ 6; No. 16, ¶ 2); *see also* Ark. Admin. Code 054.00.101-4.  Based on these two contentions, Ms. Scoggins argues that Unum's "exercise of discretion" in denying her claim for long term disability benefits was unlawful (Dkt. No. 4, ¶ 15).  She seeks to represent a class of all persons who, within the last three years, were denied benefits by Unum under a policy governed by Arkansas law (Dkt. No. 4, ¶ 10).

Unum moves to dismiss Ms. Scoggins' class claim, arguing that her allegation "that Unum 'exercised discretion' does not state any claim for relief" (Dkt. No. 13, at 3).  The Court

---

[1]  This assertion is inartfully plead.  The clearest statement of this theory comes from Ms. Scoggins' response to Unum's motion to dismiss.  Citing to the Regions Bank policy, she claims that the discretionary clause "demonstrates Unum has discretionary authority to determine eligibility for benefits and to interpret the terms and provisions of the policy" (Dkt. No. 16, ¶ 1).

agrees that Count II of the amended complaint fails to state a claim.  This conclusion is best explained by reviewing the history and purpose of discretionary clauses in health and disability plans.

### A.    Development Of Discretionary Clauses

In 1974, Congress enacted the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), which "permits a person denied benefits under an employee benefit plan to challenge that denial in federal court." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008).  ERISA does not establish what standard of review courts should use for actions challenging benefit eligibility determinations.  *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989).  Federal courts initially adopted an arbitrary and capricious standard developed under a provision of the Labor Management Relations Act of 1947 for ERISA actions.  *Id.* (citing *Struble v. New Jersey Brewery Employees' Welfare Trust Fund,* 732 F.2d 325, 333 (3rd Cir. 1984); *Bayles v. Central States, Southeast and Southwest Areas Pension Fund,* 602 F.2d 97, 99-100, and n. 3 (5th Cir. 1979)).  However, in *Firestone Tire and Rubber Co. v. Brunch*, the Supreme Court found that "the *wholesale* importation of the arbitrary and capricious standard into ERISA is unwarranted" and held that "a denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* at 109, 115 (emphasis in original).  If a plan governed by ERISA does give the administrator or fiduciary discretionary authority, courts review the denial of benefits under the much more

deferential abuse of discretion standard. *Butts v. Cont'l Cas. Co.*, 357 F.3d 835, 838 (8th Cir. 2004).[2]

Following the Supreme Court's *Firestone* decision, "plan administrators, including insurers that underwrite health, life and disability insurance plans subject to ERISA, have been able to insulate their decisions from exacting judicial scrutiny by including 'discretionary clauses' in their plans." Jo-el Meyer & Mark DeBofsky, *Discretionary Clauses in ERISA Health and Disability Plans—Are They Still Viable?*, Bloomberg BNA (2015), http://www.debofsky.com/What-s-New/Discretionary-Clauses-in-ERISA-Health-and-Disability-Plans-Are-They-Still-Viable.pdf. Stated differently, plan administrators include discretionary clauses in ERISA governed benefit plans so that any challenge to their decisions will be reviewed under the abuse of discretion standard, rather than the more exacting *de novo* standard.

### B. Reaction To *Firestone* And The Use Of Discretionary Clauses

Discretionary clauses are generally honored, but they are controversial. *See Tussey v. ABB, Inc.*, 746 F.3d 327, 333 (8th Cir.) *cert. denied*, 135 S. Ct. 477, 190 L. Ed. 2d 358 (2014) (recognizing that the district court should review the denial of benefits under an abuse of discretion standard, because the benefit plan contained a discretionary clause). In 2002, the National Association of Insurance Commissioners ("NAIC") "promulgated Model Act 42, entitled 'Prohibition on the Use of Discretionary Clauses Model Act,' which, as its name implies, urges states to adopt legislation that prohibits discretionary clauses in health insurance contracts." Joshua Foster, *ERISA, Trust Law, and the Appropriate Standard of Review: A De Novo Review of Why the Elimination of Discretionary Clauses Would Be an Abuse of Discretion*,

---

[2] The *Firestone* Court also noted that "[i]f 'a benefit plan gives discretion to an administrator or fiduciary who *is operating under a conflict of interest,* that conflict must be *weighed as a 'factor* in determining whether there is an abuse of discretion.'" *Metro. Life*, 554 U.S. at 111 (emphasis in original) (quoting *Firestone*, 489 U.S. at 115).

82 St. John's L. Rev. 735, 745 (2008).  "As of 2015 . . . nearly 25 states either have or are in the process of banning discretionary clauses in insurance policies subject to ERISA."  Jo-el Meyer & Mark DeBofsky, *Discretionary Clauses in ERISA Health and Disability Plans—Are They Still Viable?*, Bloomberg BNA (2015), http://www.debofsky.com/What-s-New/Discretionary-Clauses-in-ERISA-Health-and-Disability-Plans-Are-They-Still-Viable.pdf.   While courts have consistently recognized the legitimacy of discretionary clauses, they have also consistently upheld state efforts to ban them.  *Id.*; *see also Standard Ins. Co. v. Morrison*, 584 F.3d 837, 849 (9th Cir. 2009) ("Accordingly, we agree with the district court that the Commissioner's practice of disapproving discretionary clauses is not preempted by ERISA's exclusive remedial scheme.").

On December 19, 2012, the Arkansas Department of Insurance adopted Rule 101, which prohibits the use of discretionary clauses in disability income policies.  The language of the rule is derived from the NAIC's Model Act 42.

### C.       The Effect Of Rule 101 And How It Impacts This Case

Rule 101 prohibits the inclusion of discretionary clauses in "all disability income policies issued in [Arkansas] which are issued or renewed on and after March 1, 2013."  Ark. Admin. Code 054.00.101-7.  Ms. Scoggins argues that the Regions Bank disability policy is subject to the Rule (Dkt. No. 16, ¶¶ 2; 3).  Accordingly, Ms. Scoggins contends that the policy violates Arkansas law because it contains a discretionary clause.  Taking this argument further, Ms. Scoggins argues that, in denying disability claims, Unum "exercised discretion" (Dkt. No. 4, ¶ 15).  As the discretionary clauses included in the policies violated Arkansas law, she claims that this "exercise of discretion" was actionable conduct.

Ms. Scoggins' "exercise of discretion" claim is based on a misunderstanding of the purpose of discretionary clauses and the effect of Rule 101. Even assuming that the Regions Bank policy included a discretionary clause in violation of Arkansas law at the time that Unum denied Ms. Scoggins' claim, the Court concludes this "exercise of discretion" is not actionable conduct. A plan administrator's authority to grant or deny benefit claims is not derived from discretionary clauses. Discretionary clauses are included in disability policies to ensure that courts reviewing their denial of benefits will use a more lenient level of scrutiny. Accordingly, Rule 101 does not prohibit plan administrators from granting or denying benefit claims; it merely bars the inclusion of discretionary clauses in disability policies so that, under *Firestone*, the Court reviewing a challenge to an administrator's decision must use a *de novo* standard of review. Count II of Ms. Scoggins' amended complaint fails to state a claim upon which relief can be granted. The Court grants Unum's motion to dismiss this claim (Dkt. No. 12).

Ms. Scoggins' proposed second amended complaint, which changes the relief requested for the class claim, does not correct the defects included in the amended complaint. The Court finds that this amendment would be futile and denies the motion to amend (Dkt. No. 16). *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) ("A district court should freely give leave to a party to amend its pleadings when justice so requires, Fed.R.Civ.P. 15(a); however, it may properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile.").

## IV.    Conclusion

The Court grants Ms. Davis's motion to dismiss with prejudice her claim based on the parties' representations in her motion (Dkt. No. 20). The Court grants Unum's motion to dismiss Count II of Ms. Scoggins' complaint (Dkt. No. 12). The Court denies Ms. Scoggins' motion to

amend her complaint (Dkt. No. 16).   Ms. Scoggins' individual claim for breach of contract remains pending.

On August 4, 2015, the Court held a Rule 16 Conference related to a dispute over class discovery (Dkt. No. 15).   After hearing argument from counsel, the Court took the matter under advisement.   As the Court, through this Order, dismisses Ms. Scoggins' class action claim, there is no longer any need for class discovery.   Accordingly, the Court finds that this discovery dispute is moot and directs the parties to submit a Rule 26(f) report within 14 days of the entry of this Order.

So ordered this the 22nd day of March, 2016.

Kristine G. Baker
United States District Judge